# EXHIBIT B

# EXHIBIT B-1

Filed
11/5/2019 12:38 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2019DCV-5501-A

CAUSE NO. _____

| | | |
|---|---|---|
| **MATHEW MAYO** | § | **IN THE DISTRCT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| **V.** | § | |
| | § | **___ JUDICIAL DISTRICT COURT** |
| | § | |
| **ASSURANT AND AMERICAN** | § | |
| **SECURITY INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| **DEFENDANTS** | § | **NUECES COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY and RULE 194 REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MATHEW MAYO, files this Original Petition against Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, and for cause of action would respectfully show the Court the following:

### I.
### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiff, Mathew Mayo, is an individual residing in Nueces County, Texas.

Defendant, **ASSURANT** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its     President  and  CEO for service of process **Alan B. Colberg, 260 Interstate North Circle SE, Atlanta, GA 30339-2110**. Service is requested by certified mail, return receipt requested at this time.

Defendant, **AMERICAN SECURITY INSURANCE COMPANY** is a Domestic

corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its President and CEO for service of process **Alan B. Colberg, 260 Interstate North Circle SE, Atlanta, GA 30339-2110**. Service is requested by certified mail, return receipt requested at this time.

Plaintiff intends to conduct discovery in this case under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.
## AGENCY AND *RESONDEAT SUPERIOR*

Whenever in this petition it is alleged that Defendants, did any act or omission, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees or representatives.

## III.
## JURISDICTION, VENUE and MONETARY RELIEF REQUESTED

This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Nueces County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedy and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA") because the loss at issue to Plaintiff's property occurred in Nueces County, Texas and all or a substantial part of the events or omissions giving rise to the claim occurred in Nueces County, Texas.

Plaintiff is seeking monetary relief over $1,000,000 and demands a judgment for all other relief to which Plaintiff is entitled.

## IV.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been fully performed and satisfied.

## V.

## FACTS

Plaintiff purchased a residential property insurance policy issued by Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, to insure property located at 518 Lydia Ann Channel, Port Aransas, Nueces County, Texas, against loss caused by a Named Hurricane and damage resulting therefrom. The policy, referred in correspondence as Policy Number MLR825021601and referenced on the declarations page as certificate number MLR07558250216 Issued under provisions of the Master Policy No. MP-RCH-00755-00, had a policy period beginning on July 26, 2017 and ending on July 26, 2018.

On August 25, 2017, a date that is within the covered policy period of Plaintiff's policy with Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, Hurricane Harvey made landfall on the Texas coast as a Category 4 major Named Hurricane. Based on the Saffir-Simpson Hurricane Wind Scale used by the National Oceanic and Atmospheric Administration winds in this range can cause devasting to catastrophic damage to property. Hurricane Harvey caused extensive devastating and catastrophic damage to Plaintiff's property. Plaintiff reported the loss to the property to Defendants on August 27, 2017.

Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, received Plaintiff's notice of claim that Plaintiff's property had been damaged by the winds, rain and flying debris from Hurricane Harvey. Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, acknowledged receipt of Plaintiff's notice of loss and assigned claim No. 00200901946 to Plaintiff's claim. Such notice of claim satisfies all notice requirements under the policy.

Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, then hired the independent adjusting firm Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, to investigate the loss and adjust Plaintiff's property claim. Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, inspected Plaintiff's property but did not do a complete and proper inspection of all the damages to Plaintiff's property caused by Hurricane Harvey. Based upon this incomplete and biased investigation, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY estimate contained only $131,197.02 in property damage from Hurricane Harvey. Based upon their experience with hurricane claims, Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY knew or should have known that this estimate was grossly insufficient.

Due to this inadequate estimate, improper investigation and low-balling of the claim, Plaintiff hired Guerra-Prats Construction to inspect the property and prepare an estimate for the proper repair of the windstorm damage to Plaintiff's property as a result of Hurricane Harvey. Guerra-Prats Construction estimated this damage at $356,782.95. To date, Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, have failed and refused to pay Plaintiff for the proper repair of the damage to the property caused by Hurricane Harvey.

## VI.
## CAUSES OF ACTION

### A.    BREACH OF CONTRACT

The facts contained in the foregoing paragraphs are incorporated herein by reference for Plaintiff's causes of action against Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY. According to the insurance policy that Plaintiff purchased from Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY. Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY had the duty to investigate and pay Plaintiff policy benefits for claims made for property damage caused by hurricane, wind and water.  As a result of Hurricane Harvey, Plaintiff's property suffered extensive and devastating property damage.  This damage is covered under Plaintiff's insurance policy with Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY. Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY breached this contractual obligation and the subject insurance policy by, including but not limited to, failing to timely send Plaintiff notification of Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, acceptance or denial of Plaintiff's claims; mishandling the investigation and inspection conducted during the adjustment of Plaintiff's claims; failing to conduct a reasonable investigation; failing to timely send Plaintiff the indemnity payments; wrongfully denying and/or underpaying the Plaintiff's claim and failing to pay Plaintiff policy benefits for the cost to fully and properly repair the damage to Plaintiff's property.  As a result of these breaches of contract, Plaintiff suffered the damages that are described in this petition.

## B.    VIOLATION OF CHAPTER 542 OF
## THETEXAS INSURANCE CODE

The facts contained in the foregoing paragraphs are incorporated herein by reference for Plaintiff's causes of action against Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY. Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY and its adjusters' acts, omissions and failures that are describes in this petition violate Chapter 542 of the Texas Insurance Code. Within 30 days after the receipt of either actual or written notice of Plaintiff's hurricane/windstorm damage these Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for Plaintiff's hurricane/windstorm damage. As a result, Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY has violated Chapter 542 of the Texas Insurance Code by failing to accept or reject Plaintiff's claim in writing within 51 days after receiving either actual or written notice of Plaintiff's claim. Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, has also violated Chapter 542 by failing to pay Plaintiff's claim within 105 days after they received either actual or written notice of the claim or within 75 days after any other applicable statutory period. In the event it is determined that Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY owe Plaintiff any additional monies, Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY has automatically violated Chapter 542 of the Texas Insurance Code.

## C.    DTPA Causes of Action

The facts contained in the foregoing paragraphs are incorporated herein by reference and Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY under the

provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendants. Specifically, the violations of Defendants, Assurant of the DTPA include, without limitation, the following matters:

1) By their acts, omissions, failures and conduct that are described in this petition, Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY have violated Sections 17.46 (b) (5), (7), (12) and (20) of the DTPA. In this respect, Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to properly investigate Plaintiff's claim, (3) their hiring of and reliance upon biased adjusters and engineers to obtain favorable result-oriented reports and estimates to assist Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY in low-balling Plaintiff's hurricane windstorm damage claim and (4) their failure to pay for the proper repair of Plaintiff's property after their liability had become reasonable clear;

2) As described in this petition Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY represented to Plaintiff that their insurance policy and their adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b) (5) of the DTPA;

3) As described in this petition, Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, represented to Plaintiff that its insurance policy and Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, adjusting, and investigative services were of a particular standard, quality or grade when they were of another in violation of Section 17.46 (b) (7) of the DTPA;

4) As described in this petition, Defendants ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY represented to Plaintiff that its insurance policy and Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, adjusting, and investigative services conferred or involved rights, remedies or obligations that they did not have in violation of Section 17.46 (b) (12) of the DTPA;

5) By representing that Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY would pay to repair the damages caused by windstorm, hurricane and water and then not doing so, Defendants ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY have violated Sections 17.46 (b) (5), (7) and (12) of the DTPA;

6) Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY have breached an express warranty that the damage caused by Hurricane Harvey would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Section 17.46 (b) (12) and (20);

7) Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, actions as described in this petition are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree. Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, unconscionable conduct gives Plaintiff the right to relief under Section 17.50 (a) (3) of the DTPA, and

8) Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, conduct, acts, omissions and failures as described in this petition are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

All of the above described acts, omissions and failures of Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, are a producing cause of Plaintiff's damages that are described in this petition.

## D.    Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their actions, omissions, failures and conduct Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, failure to properly investigate Plaintiff's claim. They also include Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, failure to pay for the proper repair of Plaintiff's property on which Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY liability had become reasonably clear. They also include Defendant's, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, hiring and reliance upon biased adjusters and engineers to obtain favorable result-oriented reports and estimates to assist them in low-balling Plaintiff's Hurricane Harvey claim and Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, failure to look for coverage.

Specifically, Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY are

guilty of the following unfair insurance practices:

      A.) Engaging in false, misleading and deceptive acts or practices in the business of insurance in this case;

      B.) Engaging in unfair claims settlement practices;

      C.) Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

      D.) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim on which Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY liability had become reasonably clear;

      E.) Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

      F.) Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, and

      G.) Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise or settlement.

Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, have also

breached the Texas Insurance Code when they breached their duty of good faith and fair dealing.

All the above described acts, omissions and failures of Defendants, ASSURANT AND AMERICAN

SECURITY INSURANCE COMPANY, are a producing cause of Plaintiff's damages that are

described in this petition.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action.

By their acts, omissions, failures and conduct, Defendants, ASSURANT AND AMERICAN

SECURITY INSURANCE COMPANY, have breached their common law duty of good faith and fair

dealing by denying and low-balling portions of Plaintiff's claim without any reasonable basis and

by failing to conduct a reasonable investigation to determine whether there was a reasonable basis

for their partial denial and low-balling. Defendants, ASSURANT AND AMERICAN SECURITY

INSURANCE COMPANY, have also breached this duty by unreasonably delaying payment of

Plaintiff's entire claim and by failing to settle Plaintiff's claims because Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, knew or should have known that it was reasonably clear that the claim was covered.   Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, omissions, failures and conduct proximately caused Plaintiff's damages.

## VII.

### DAMAGES

The facts contained in the foregoing paragraphs are incorporated herein by reference. The above described acts, omissions, failures and conduct of Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, have caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's property, reasonable and necessary investigative and engineering fees incurred during the claims process, attorney's fees, Court costs, additional damages, pre-judgment interest, post-judgment interest and consequential damages. Plaintiff is also entitled to recover the amount of his claim plus eighteen percent per annum on that claim against Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, as damages under Section 542.060 of the Texas Insurance Code.  All damages described in this petition are within the jurisdictional limits of the Court.

## VIII.

### ADDITIONAL DAMAGES

The facts contained in the foregoing paragraphs are incorporated herein by reference. Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY and their agents, servants or employees also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statues.

Because of Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50 (b) (1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

## IX.

### Exemplary Damages

Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, are the type of conduct that the State of Texas protects it citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, for its wrongful conduct and to set an example to deter these Defendants and others similarly situated from committing similar acts in the future.

## X.

### ATTORNEYS' FEES

Because of Defendants', ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, conduct that is described in this petition, Plaintiffs has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable and necessary attorneys' fees and expenses through trial and appeal. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE sections 38.001- 38.003

and pursuant to Chapters 541 and 542 of the Texas Insurance Code and Section 17.50 of the DTPA.

## XI.
## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## XII.
## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays, moves and respectfully requests this Honorable Court that Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, be cited to appear and answer and for recovery of the following relief: that, upon final hearing and jury trial thereof, this Honorable Court grant to the Plaintiff such relief as to which Plaintiff may show himself justly entitled in this case, either at law or in equity, either general or special from and against Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, for all actual, statutory, additional, exemplary and common law damages, including consequential damages and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone: (210) 910.4501
Telecopier: (210) 481.4576

By:    */s/Thomas M. Furlow*
       THOMAS M. FURLOW
       State Bar No. 00784093
       Email:  tfurlow@furlowlawfirm.com
       THOMAS HERNANDEZ
       State Bar No. 09516400
       Email: thernandez@furlowlawfirm.com

ATTORNEYS FOR PLAINTIFF

EXHIBIT B-2

Filed
12/12/2019 8:50 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

### CAUSE NO. 2019DCV-5501-A

| | | |
|---|---|---|
| MATHEW MAYO, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | NUECES COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendant.** | § | 28th JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiff Mathew Mayo as follows:

### I.      GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demands strict proof thereof by a preponderance of the evidence.

### II.      AFFIRMATIVE DEFENSES

2.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

3.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.c of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or (3) water or water-borne material below the surface of the ground, including water which exerts pressure on

-1-

or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure; caused by or resulting from human or animal forces or any act of nature.

4.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5.      Plaintiff's claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building or other structure.

7.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(1) in the "Perils Insured Against" section of the policy excludes losses caused by wear and tear, marring, or deterioration.

8.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(3) in the "Perils Insured Against" section of the policy excludes losses caused by smog, rust, or other corrosion, fungi, mold, wet or dry rot.

9.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(6) in the "Perils Insured Against" section of the policy excludes losses caused by settling, shrinking,

bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims presented in the Petition.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

14.     Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

15.     Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

17.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

19.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

20.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to

state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

21.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

22.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

23.     Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

24.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

25.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty.

Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

26.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

27.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

28.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

29.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

30.     Defendant avers that any award of punitive damages to Plaintiff in this case will

violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

31.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

      a.    Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

      b.    Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

      c.    The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

      d.    That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

32.     Plaintiff has sustained no injury from the alleged conduct of Defendant.

33.     Plaintiff's claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

34.     Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

35.     There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

36.     Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide the statutory notices required to show entitlement to the same.

37.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

38.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

39.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

40.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide the requisite statutory notice pursuant to Chapter 542A of the Texas Insurance Code.

41.     Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

## III.     REQUESTS FOR DISCLOSURE

42.     Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

***Attorneys for Defendant***
***American Security Insurance Company***

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on December 12, 2019, on the following counsel of record by eServe:

Thomas M. Furlow
Thomas Hernandez
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
tfurlow@furlowlawfirm.com

***Attorneys for Plaintiff***

                    */s/ Brian A. Srubar*
                      Brian A. Srubar

# EXHIBIT B-3

Filed
12/6/2019 8:39 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. 2019DCV-5501-A

| | | |
|---|---|---|
| MATTHEW MAYO, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **28th JUDICIAL DISTRICT COURT** |
| ASSURANT and AMERICAN | § | |
| SECURITY INSURANCE | § | |
| COMPANY, | § | |
| | § | **NUECES COUNTY, TEXAS** |
| **Defendants.** | § | |

### PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE

Pursuant to Texas Rule of Civil Procedure 162, Plaintiff Matthew Mayo files this Notice of Nonsuit Without Prejudice for all claims he may have against Defendant Assurant, Inc. (named as "Assurant" in Plaintiff's petition). Plaintiff chooses not to pursue his claims against Defendant Assurant.

Accordingly, Plaintiff files this Notice of Nonsuit Without Prejudice of all claims against Defendant Assurant, Inc.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
Telephone: (210) 910.4501
Telecopier: (210) 910.4513

By: */s/ Thomas Hernandez*
      Thomas M. Furlow
      State Bar No. 00784093
      Thomas Hernandez
      State Bar No. 09516400
      Email: tfurlow@furlowlawfirm.com

      ATTORNEY FOR PLAINTIFF

-1-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on December 5, 2019, on the following counsel of record by eServe:

Bradley J. Aiken
Brian A. Srubar
McDowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
<u>brad.aiken@mhllp.com</u>
<u>brian.srubar@mhllp.com</u>

**Attorneys for Defendants**

*/s/ Thomas Hernandez*
Thomas Hernandez